JOHN J. McAULIFFE *vs.* MAYOR AND BOARD OF ALDERMEN OF NEW BEDFORD.

Bristol.     October 29, 1891. — January 6, 1892.

Present: ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Mandamus — Constitutional Law — Police Regulations.*

A municipal regulation, which provides that no member of the police department shall be allowed to solicit money or any aid on any pretence for any political purpose whatever, is not unconstitutional as invading the rights of the members of the police force to express their political opinions; and a breach thereof by such a member is a good cause for removal within the St. of 1890, c. 319, § 1, by virtue of which members of the police force hold office "during good behavior

and until removal by the mayor . . . for cause deemed by him sufficient after due hearing."

A policeman received notice half an hour beforehand of a hearing before the mayor of a city upon a written complaint charging him with violating a regulation of the police department, and attended the hearing, but offered no evidence. At an adjourned hearing upon the same charges he was present with counsel, and demanded further specifications of the charges against him, which were refused. Before the filing of the complaint against him, his attention had been called to his violation of the regulation, and he had admitted his guilt to the mayor. *Held*, that due hearing had been given him.

Since the passage of the St. of 1890, c. 319, relating to the tenure of office of policemen, the mayor of any city in which the act is in force has the power to hear all cases on the removal of a police officer in the first instance himself.

PETITION for a writ of mandamus to restore the petitioner to the office of policeman in the city of New Bedford. Hearing before *Allen*, J., who reported the case for the consideration of the full court in substance as follows.

The petitioner, who was removed on February 3, 1891, from the police force of that city by the mayor, claimed to hold the office of policeman during good behavior, subject to removal by the mayor for cause deemed by him sufficient, after due hearing, according to the tenure of office of policemen fixed by the St. of 1890, c. 319, a statute which had been duly accepted by the voters of that city. On January 21, 1891, a written complaint was filed with the chief of police, setting forth that the petitioner had violated Rule 31 of the police regulations of the city in that he had engaged in political canvassing at two elections of the previous year, and had solicited votes, aid, and assistance from divers voters of New Bedford in the interests of certain political parties and candidates for political office; and on the same day the chief of police transmitted the complaint to the mayor, in accordance with Rule 24 of the police regulations.*

---

* These rules are as follows:

Rule 24. " All complaints made against any member of the department shall be reduced to writing, with specifications, and shall be signed by the party making the complaint before the same shall be investigated; any officer whose character has been compromised may have an inquiry as to the truth of any charges made against him. The investigation of all complaints and charges shall be before the committee on police, and the evidence taken shall, with the report of the committee, be submitted to the mayor; when the committee find the officer guilty of any irregularity not sufficient to warrant his removal from the force, they shall state what deduction shall be

The mayor appointed a time for a hearing, at which evidence was offered in behalf of the complainant, but at which the petitioner offered no evidence, although he was present, having received a notice thereof half an hour before the hearing. The petitioner also appeared with counsel at an adjourned hearing before the mayor, and demanded specifications of the charges upon which he was to be tried, which the mayor declined to furnish. The petitioner then declined to proceed before the mayor, and the mayor declared the hearing closed, and removed the petitioner from office, stating, in his letter to the chief of police notifying him of the petitioner's removal, that he found him guilty of violating Rule 31 of the police regulations. The petitioner denied the authority of the mayor to remove him.

It was agreed that the judge was not called upon to review the findings of fact by the mayor, and the petitioner denied the charges brought against him.

On cross-examination the mayor stated that he could not recall just what specific acts he found that the petitioner had committed which he deemed soliciting aid within the meaning of Rule 31; that he did not find that the petitioner had solicited money or any material aid, excepting that he talked politics; and he would not state that he found that the petitioner had talked politics while he was on duty. It was in evidence that the mayor, after his election and before his inauguration, declared, in speaking about this case, that " he did not care about the evidence; he knew what McAuliffe had been doing; he knew all about it." This evidence was called to the attention of the mayor at the hearing, and he said he would not deny it, but could not recall the conversation. The respondents offered evidence that at the hearing before the mayor testimony was

made therefor from his compensation, and, if approved by the mayor, such deduction shall accordingly be made."

Rule 31. " No member of the department will be permitted to be a delegate to or member of any political or partisan club, convention, committee, or society, whose intended or real purpose shall be the nomination of any candidate for any office in the city government in the furtherance of the objects or designs of any political organization. No member of the department shall be allowed to solicit money or any aid, on any pretence, for any political purpose whatever."

introduced tending to show that the petitioner was at the head-quarters of one of the political parties in the Sunday evening preceding the municipal election, in conference with its executive committee; that he had been engaged in political work and had been cautioned as to the consequences; that he had attended a conference as a member of a political committee; and that the petitioner told one Cooper that he had been working to get votes for a political party, and that the petitioner said to the mayor, " I admit I am guilty; what's the penalty?" and also said to the mayor, at another interview, that, " if he was going to be removed, he would like to know it so he could resign." There was no other material evidence in the case.

The petitioner asked the judge to rule:

" 1. That the petitioner held his office under chapter 319 of the Acts of 1890, and that he could be removed only for an act of bad behavior.

" 2. That the hearing should have been before the committee on police, that the petitioner did not receive due hearing, and that the notice of the hearing and the complaint was irregular and insufficient in law.

" 3. That it was a question of law for the court to determine whether the acts found by the mayor to have been committed by the petitioner amounted to bad behavior or to soliciting aid within the meaning of Rule 31, and that the act so found did not constitute bad behavior and was not in violation of the rule."

The judge found that there was a sufficient complaint or charge against the petitioner, and that he knew what he was charged with, and had an opportunity to meet it, and that in the hearing he was deprived of no legal right, and that the finding of the mayor was sufficient to warrant the removal of the petitioner, and ordered the petition to be dismissed. The petitioner appealed, and the judge reported the case for the consideration of the full court.

*J. W. Cummings & E. Higginson*, for the petitioner.

*T. F. Desmond*, for the respondent.

HOLMES, J. This is a petition for mandamus to restore the petitioner to the office of policeman in New Bedford. He was removed by the mayor upon a written complaint, after a hear-

ing, the mayor finding that he was guilty of violating Rule 31 of the police regulations of that city. The part of the rule which the petitioner seems certainly to have violated is as follows: "No member of the department shall be allowed to solicit money or any aid, on any pretence, for any political purpose whatever." There was also evidence that he had been a member of a political committee, which likewise was prohibited. Both parties agree that the city had accepted chapter 319 of the Acts of 1890, by virtue of § 1 of which the members of the police force held office " during good behavior and until removed by the mayor, . . . for cause deemed by him sufficient, after due hearing." It is argued by the petitioner that the mayor's finding did not warrant the removal, that the part of the rule violated was invalid as invading the petitioner's right to express his political opinions, and that a breach of it was not a cause sufficient under the statute.

One answer to this argument, assuming that the statute does not make the mayor the final judge of what cause is sufficient, and that we have a right to consider it, (*Ham* v. *Boston Board of Police*, 142 Mass. 90, 95, and *Osgood* v. *Nelson*, L. R. 5 H. L. 636, 649,) is that there is nothing in the Constitution or the statute to prevent the city from attaching obedience to this rule as a condition to the office of policeman, and making it part of the good conduct required. The petitioner may have a constitutional right to talk politics, but he has no constitutional right to be a policeman. There are few employments for hire in which the servant does not agree to suspend his constitutional right of free speech, as well as of idleness, by the implied terms of his contract. The servant cannot complain, as he takes the employment on the terms which are offered him. On the same principle, the city may impose any reasonable condition upon holding offices within its control. This condition seems to us reasonable, if that be a question open to revision here.

The petitioner also argues that he has not had due hearing. The first ground for this argument is some testimony reported that the mayor said that he did not care about the evidence; he knew what McAuliffe had been doing; he knew all about it. A sufficient answer to this is that the fact is not found by the judge who tried the case, and, if necessary to support his findings,

we should have to assume that he did not believe the evidence. Next it is said that the charges against the petitioner were not stated specifically, and that when specifications were called for they were refused. The judge was well warranted in finding that the mayor did all that justice required. The complaint was tolerably full, although, no doubt, under some circumstances further specifications properly ought to be demanded. The petitioner attended on notice at the first day appointed for a hearing, and asked for no specifications, and offered no evidence. There was evidence that he said to the mayor at the hearing, " I admit I am guilty; what's the penalty?" and also said to the mayor, at another interview, that, if he was going to be removed, he would like to know it so that he could resign. At an adjourned hearing before the mayor, the petitioner attended with counsel, and his counsel asked for specifications. The mayor refused the request, whereupon the petitioner refused to proceed, and the mayor declared the hearing closed. Under the circumstances, we cannot say that he was wrong. The next suggestion, that no notice was given to the petitioner that a proceeding to remove him from his office was intended, does not require much answer. The petitioner had notice of the proceedings, and must be taken to have known their possible consequences. According to the evidence, he used language to the mayor expressly contemplating those consequences. Finally, it is said that the case should first have been investigated before the committee on police, as provided by Rule 24 of the police regulations. But since the passage of the Act of 1890, if not before, we have no doubt of the power of the mayor to hear all cases on the removal of a police officer in the first instance himself.

*Petition dismissed.*