NELSON CANTELINE et al., Appellants, *v.* GLENN H. McCLEL-
LAN, Individually and as Commissioner of Police of the
City of Buffalo, Respondent.

Argued January 23, 1940; decided March 5, 1940.

*William B. Mahoney* for appellants. Defendant's threat of suspension and removal, based upon the demand upon plaintiffs to execute waivers of immunity, would give to the amendment to section 6 of article I of the State Constitution a retroactive effect in violation of plaintiffs' constitutional rights. (*O'Reilly* v. *Utah, N. & C. Stage Co.*, 87 Hun, 406; *Isola* v. *Weber*, 147 N. Y. 329; *Jacobus* v. *Colgate*, 217 N. Y. 235; *Fawcett* v. *Andrews*, 203 App. Div. 591; *Micamold Radio Corp.* v. *Beedie*, 282 N. Y. Supp. 77; *City of Buffalo* v. *N. Y. Telephone Co.*, 1 N. Y. Supp. [2d] 842; *Matter of Doyle*, 257 N. Y. 244; *Matter of Rouss*, 221 N. Y. 81; *Matter of Kaffenburgh*, 188 N. Y. 49.) The amendment to section 6 of article I of the Constitution of the State of New York as of January 1, 1939, relative to execution of a waiver to avoid infliction of penalty is an *ex post facto* law and, therefore, violates clause 1 of section 10 of article 1 of the Constitution of the United States. (*Cummings* v. *State of Missouri*, 71 U. S. 277; *Matter of Garland*, 71 U. S. 333; *Pierce* v. *Carskadon*, 16 Wall. 234.)

*David Diamond, Corporation Counsel* (*Andrew P. Ronan* of counsel), for respondent. The Appellate Division correctly determined that any public officer who refuses to execute a waiver of immunity when called before a grand jury after January 1, 1939, must be removed from office. (*People* v. *Ahearn*, 196 N. Y. 221; *Matter of Newman* v. *Strobel*, 236 App. Div. 371; *Attorney-General* v. *Tufts*, 239 Mass. 458.) The Appellate Division correctly determined that the appellants should be removed from office for failing to execute waivers of immunity. (*Christal* v. *Police Com-*

*mission of City of San Francisco*, 92 Pac. Rep. [2d] 416; *McAuliffe* v. *Mayor of New Bedford*, 29 N. E. Rep. 517.) It was correctly determined that police officers are public officers within the meaning of section 6 of article I of the Constitution. (*People* v. *New York Central R. R. Co.*, 24 N. Y. 485; *Perkins* v. *Smith*, 116 N. Y. 441; *Matter of Ehrsan*, 37 App. Div. 272; *Loewy* v. *Gordon*, 129 App. Div. 459; *City of New York* v. *Holzderber*, 44 Misc. Rep. 509; *Miller* v. *Miller*, 18 Hun, 507; *Callahan* v. *O'Brien*, 72 Hun, 216; *People ex rel. Wood* v. *Draper*, 15 N. Y. 532; *Matter of Ryan* v. *City of New York*, 228 N. Y. 16; *People* v. *Lafaro*, 250 N. Y. 336; *Matter of Dawson* v. *Knox*, 231 App. Div. 490.)

*William C. Chanler, Corporation Counsel* (*Paxton Blair, Charles C. Weinstein* and *Stanley Buchsbaum* of counsel), for City of New York, *amicus curiæ.* The amendment to section 6 of article I of the New York Constitution is applicable to all appearances before a grand jury or refusals to waive immunity occurring subsequent to the effective date of the amendment. (*People ex rel. Lewisohn* v. *Court of General Sessions*, 96 App. Div. 201; 179 N. Y. 594; *People ex rel. Lewisohn* v. *O'Brien*, 176 N. Y. 253; *Palko* v. *Connecticut*, 302 U. S. 319; *Twining* v. *New Jersey*, 211 U. S. 78; *Matter of Lee's Bank of Buffalo*, 21 N. Y. 9; *Sherman* v. *Smith*, 1 Black [U. S.], 587; *Matter of Newman* v. *Strobel*, 236 App. Div. 371; *Attorney-General* v. *Tufts*, 239 Mass. 458; *People* v. *Ahearn*, 196 N. Y. 221; *Christal* v. *Police Commission*, 92 Pac. Rep. [2d] 416; *Souder* v. *City of Philadelphia*, 305 Penn. St. 1.) The application of the amendment to questions concerning official conduct prior to January 1, 1939, does not render it violative of the *ex post facto* clause of section 10 of article I of the Federal Constitution. (*Calder* v. *Bull*, 3 Dall. 386; *Watson* v. *Mercer*, 8 Pet. 88; *Carpenter* v. *Pennsylvania*, 17 How. 456; *People ex rel. Powers* v. *Welles*, 18 App. Div. 132; *Matter of Roge* v. *Valentine*, 280 N. Y. 268; *People ex rel. Hayes* v. *Waldo*, 212 N. Y. 156; *Hawker* v. *New York*, 170 U. S. 189; *Reetz*

v. *Michigan*, 188 U. S. 505; *Murphy* v. *Ramsey*, 114 U. S. 15.) Policemen are public officers. (*People ex rel. Wood* v. *Draper*, 15 N. Y. 532; *People* v. *Lafaro*, 250 N. Y. 336; *Matter of Ryan* v. *City of New York*, 228 N. Y. 16; *Woodhull* v. *Mayor*, 150 N. Y. 450; *Mangam* v. *City of Brooklyn*, 98 N. Y. 585; *People ex rel. Ryan* v. *French*, 91 N. Y. 265; *Mc Kay* v. *City of Buffalo*, 9 Hun, 401; 74 N. Y. 619; *People ex rel. Seward* v. *Village of Sing Sing*, 54 App. Div. 555.)

*John J. Bennett, Jr., Attorney-General* (*Henry Epstein* of counsel), *amicus curiæ*. Section 6 of article I of the State Constitution, as amended and effective January 1, 1939, embraces within its scope acts which may have occurred prior to the effective date. (*People* v. *Ahearn*, 196 N. Y. 221; *Matter of Newman* v. *Strobel*, 236 App. Div. 371; *Attorney-General* v. *Tufts*, 239 Mass. 458.)

CONWAY, J. The appellants are police officers of the city of Buffalo and have been commanded by the defendant Commissioner to attend before a grand jury and there to execute a waiver of immunity pursuant to article I, section 6, of the Constitution of the State of New York. They have attended at the grand jury but have declined to sign a waiver of immunity against subsequent criminal prosecution with respect to their conduct in office or their performance of official duties prior to January 1, 1939, the effective date of the present Constitution. They have brought this action asking for a declaration of their legal rights and duties in view of the threat of the defendant to suspend and prefer charges against them for a violation of department rules in failing to obey his command to execute the waiver. The Appellate Division reversed on the law the judgment of the Trial Term granting injunctive relief to plaintiffs and dismissed the complaint.

The applicable provisions of the Constitution are as follows: " * * * No person shall be subject to be twice put in jeopardy for the same offense; nor shall he be compelled in any criminal case to be a witness against himself, providing, that any public officer who, upon being called .

before a grand jury to testify concerning the conduct of his office or the performance of his official duties, refuses to sign a waiver of immunity against subsequent criminal prosecution, or to answer any relevant question concerning such matters before such grand jury, shall be removed from office by the appropriate authority or shall forfeit his office at the suit of the attorney-general." (State Const. art. I, § 6.)

That the plaintiffs are public officers there is no doubt. (*People ex rel. Wood* v. *Draper*, 15 N. Y. 532; *Matter of Ryan* v. *City of New York*, 228 N. Y. 16; *People* v. *Lafaro*, 250 N. Y. 336.) They claim, however, that the Constitution speaks prospectively and, therefore, the waiver required is only as to acts subsequent to January 1, 1939.

It is unnecessary to repeat the rules of construction which were properly enunciated and applied below. Suffice it to point out that we are dealing with a sovereign act of a sovereign people. The People of the State may write such provisions into their Constitution as they see fit, without let or hindrance, subject only to the applicable portions of the Constitution of the United States. As to immunity from self-incrimination, there is no such applicable provision and such grant could have been omitted in its entirety from the present Constitution of our State. (*Twining* v. *State of New Jersey*, 211 U. S. 78; *Snyder* v. *Massachusetts*, 291 U. S. 97, 105; *Palko* v. *Connecticut*, 302 U. S. 319, 325.) This, however, was not done. It was continued with the proviso indicated.

The People, in their new Constitution, could have abolished any or every public office in the State or changed the tenure of any office. Public officers are the servants of the People and the latter may say upon what terms they shall be engaged or continue in office after their engagement. Nothing limits the power of the People in this respect save a written constitution and it is a written constitutional provision which we are construing. We find nothing there which says that the waiver required must be limited to acts occurring subsequent to January 1, 1939. We may not

write it in. The duty of the courts is to construe, not to adopt, a constitution.

It is urged that injustice may be wrought upon public officers who have served for long periods of time and who are approaching the time when they will be entitled to retire upon pensions toward which they have contributed. This may very well be. We may feel as individuals that it would have been fairer to have made the proviso applicable to acts or omissions subsequent to January 1st, 1939, or, even, only to persons who became public officers after January 1st, 1939. As a court we may not consider these arguments. It is a question of *power*. The People had the power to accomplish that which in plain words they said they wished to accomplish. They are sovereign.

No penalty for acts done in the past, for which no penalty was then prescribed, has been provided. It might be urged that such would be the case were it provided that removal from office would follow from a refusal to waive immunity occurring prior to January 1st, 1939. Even in such case, the People could provide in a constitution that no one should hold public office who had ever refused to sign a waiver of immunity. They have the power, by a constitution, to set *conditions*, with which there must be compliance, if one is to be or continue to be a public officer. Immunity may still be claimed. If claimed, one may not continue as a public officer.

A similar question, although under a city police department rule, was presented in California in *Christal* v. *Police Commission of San Francisco* (92 Pac. Rep. [2d] 416.) One of the paragraphs of the decision is apt:

" We are not unmindful of the constitutional privilege above mentioned which may be exercised by all persons, including police officers, in any proceeding, civil or criminal. *In re Lemon, supra; In re Hoertkorn, supra.* As we view the situation, when pertinent questions were propounded to appellants before the grand jury, the answers to which questions would tend to incriminate them, they were put to a choice which they voluntarily made. Duty required them

to answer. Privilege permitted them to refuse to answer. They chose to exercise the privilege, but the exercise of such privilege was wholly inconsistent with their duty as police officers. They claim that they had a constitutional right to refuse to answer under the circumstances, but it is certain that they had no constitutional right to remain police officers in the face of their clear violation of the duty imposed upon them. *McAuliffe* v. *Mayor of New Bedford*, 155 Mass. 216; 29 N. E. 517. We are of the opinion that such a violation of duty would constitute cause for dismissal even in the absence of any specific rule requiring such officers to give testimony before the grand jury, or of any specific rule relating to ' conduct unbecoming an officer ' " (p. 419).

Even under a State statute, the requirements for continuance in a profession may be so changed that a practitioner may be barred from further practice and sent to prison if he persist. Thus in *Hawker* v. *New York* (170 U. S. 189) a doctor was convicted in 1878 of the crime of abortion and sentenced to ten years in the penitentiary. In 1893 the Legislature enacted a law which provided that " any person * * * who, after conviction of a felony, shall attempt to practice medicine, or shall so practice * * * shall be guilty of a misdemeanor * * * " (L. 1893, ch. 661, § 153, as amd. L. 1895, ch. 398, § 1.) In 1878 no such penalty existed. In 1896 Hawker was convicted of a violation of that law by virtue of his conviction in 1878. The court there decided that it was within the power of the State so to change the requirements for the practice of medicine under the police power of the State; that the new requirement was not unreasonable and that the statute of 1893 did not violate the prohibition against passage of an *ex post facto* law.

There is no impairment of contract right involved. (*Hendon* v. *Board of Education*, 281 N. Y. 757; *Dodge* v. *Board of Education*, 302 U. S. 74.)

The judgment should be affirmed, with costs.

LEHMAN, Ch. J., LOUGHRAN and FINCH, JJ., concur; RIPPEY, J., dissents; SEARS and LEWIS, JJ., taking no part.

Judgment affirmed.