**John A. DRESSLER, Plaintiff,**

v.

**Charles E. WILSON, individually and as Secretary of the Department of Defense of the United States, Department of Defense,**

**and**

**A. Tyler Port, individually and as Director, Office of Industrial Personnel Security Review, Department of Defense, Defendants.**

**Civ. A. No. 2256–57.**

United States District Court
District of Columbia.
Oct. 17, 1957.

David Scribner, New York City, and David Rein, Washington, D. C., for plaintiff.

Cecil Heflin, Dept. of Justice, Washington, D. C., for defendants.

HOLTZOFF, District Judge.

Prior to the bringing of this action the plaintiff, John A. Dressler, was an employee of the Wisconsin Telephone Company. The Department of the Army, Department of the Navy, and the Department of the Air Force of the United States entered into a general contract with the Wisconsin Telephone Company whereby the latter undertook to supply to them certain communications facilities and services. It was contemplated that some of the work to be done by the Wisconsin Telephone Company would involve secret installations crucial to the national defense, such as the NIKE installation.

The Government accordingly entered into an additional agreement with the Wisconsin Telephone Company entitled "Security Agreement" whereby the contractor undertook to provide a system of security controls for its employees, in accordance with standard practice procedures consistent with a manual issued by the Department of Defense known as the Industrial Security Manual for Safeguarding Classified Information. The company thereupon submitted the names of a number of its employees to the Defense Department for clearance. One of these employees was the plaintiff.

The plaintiff thereafter received a notice from the office of the Secretary of

Defense suspending any clearance that he might have had for access to Army, Navy, or Air Force classified defense information, in effect denying such clearance to plaintiff. This notice was accompanied by a "Statement of Reasons." In substance the reasons were that the plaintiff had been an active participant in the activities of the Milwaukee branch of the Socialist Workers Party, an organization that was on the Attorney General's Subversive List.

An opportunity for a hearing was accorded to the plaintiff. Plaintiff appeared at the hearing, questioned the jurisdiction of the Board which was charged with the duty of holding the hearing; declined to answer certain questions propounded to him, and did not offer any evidence in his own behalf. The Wisconsin Telephone Company then discharged him from his employment.

This suit is brought against the Secretary of Defense and another Government official for a declaratory judgment to the effect that the ruling of the Department of Defense, adverse to plaintiff, was null and void, and for a permanent injunction against enforcement of this ruling. The plaintiff moves for a preliminary injunction from continuing in effect during the pendency of this action the ruling of the Department of Defense, denying the security clearance of plaintiff. The matter is now before the Court on a motion for a preliminary injunction.

■ In connection with their power to enter into contracts for facilities and services the heads of government departments have implied authority to prescribe reasonable terms and conditions. There is no doubt that a requirement for security clearance for employees who would be engaged in work on secret or confidential matters is within such implied powers. In fact, it is the duty of the Executive Departments of the Government to protect military secrets and other secrets of national defense.

Recent history shows the necessity for action of this kind.

■ The plaintiff claims, however, that since he was not being assigned to work of a classified nature, the Government had no power or authority to determine whether he should be allowed clearance for that purpose. It appears, however, that the company employing the plaintiff, which had government contracts of a secret and confidential nature, contemplated assigning this plaintiff to work on those contracts, and therefore it was entirely reasonable for the contractor to request and the Government to determine in advance whether the plaintiff was entitled to security clearance.

■ It is claimed that there were legal defects in the procedure by which the conclusion of the Government in this instance was reached, specifically and principally that the plaintiff was not accorded due process of law. There is grave doubt in the mind of the Court whether the requirements of constitutional due process of law apply to the question whether a person should or should not receive government employment. Mr. Justice Holmes said in a well known case that no one has a constitutional right to government employment.[1] But even if the requirement of constitutional due process applied, it must be borne in mind that what constitutes due process for one purpose does not necessarily constitute due process for a different purpose. The requirements of due process of law for the trial of a criminal case are entirely different and much more rigid than those in dealing with an administrative matter. For example, the rule as to confrontation with witnesses is fundamental in trials of criminal cases. It does not, however, apply to a proceeding, if it be called one, such as this. It does not apply, for example, to a proceeding for discharging an employee unless applicable regulations so provide. In this instance the plaintiff was given a hearing; that is, he was given an opportunity to answer ques-

1. McAuliffe v. City of New Bedford, 155 Mass. 216, 29 N.E. 517.

**376**

tions, to make any explanation, and to offer testimony. To be sure, he was not confronted with the witnesses against him, but as the Court has just stated, there is no constitutional requirement of confrontation with witnesses in a proceeding outside of the criminal courts.

In view of these circumstances, it is not necessary for the Court to determine whether there is a justiciable controversy. The Government urges that if there is any controversy at all, it is between the plaintiff and his former employer because the Government did not require that the plaintiff be discharged from his employment but merely ruled that if and when his employer entered upon secret or confidential work for the Government, this particular employee might not participate in it. Irrespective of this weighty circumstance, the Court deems it unnecessary to reach the question whether a justiciable controversy exists in this case, because it is predicating its decision upon matters that are more fundamental and that go to the merits.

■■ There is also another matter to be considered. The relief that is asked for is a preliminary injunction. Preliminary injunctions should be sparingly granted. They are very rarely allowed in cases where the temporary relief that would be accorded would, in effect, be the same as that which would be accorded by a final judgment if the plaintiff prevailed at the trial. In this instance interests of national defense are involved. The Government has stated on sufficient information, to which the plaintiff has not given any satisfactory reply, that it would be inimical to the best interests of national defense to permit the plaintiff to work on confidential or secret installations. This Court will not overrule the Executive Branch of the Government on this matter.

Motion for a preliminary injunction is denied.