In the Matter of STANLEY W. KOUTNIK, Respondent, *v.* MICHAEL J. MURPHY, as Police Commissioner of the City of New York, et al., Appellants.

First Department, March 29, 1966.

198

*Benjamin Offner* of counsel (*Seymour B. Quel* with him on the brief; *Leo A. Larkin, Corporation Counsel,* attorney), for appellants.

*Frank T. Geoly* of counsel (*Fontana & Geoly,* attorneys), for respondent.

STEUER, J. In this article 78 proceeding petitioner, a Lieutenant in the Police Department, seeks to vacate the order of respondent Police Commissioner discharging him from the police force and to require the trustees of the Police Pension Fund to honor his resignation and award him a pension accordingly.

Petitioner was subpœnaed to appear before the Grand Jury in connection with an inquiry as to bribery of certain police officers. He refused to sign a limited waiver of immunity. This was done after receiving the advice of counsel and with full knowledge of the nature of the investigation and the consequences of the step taken. Pursuant to section 1123 of the City Charter, respondent forthwith notified petitioner that his service was terminated and that he was no longer a member of the department.

In *Matter of Conlon* v. *Murphy* (24 A D 2d 737) we held that a dismissal pursuant to the said section without notice and without a hearing was in itself arbitrary and should be vacated. We do not abandon that position. However, there are circumstances under which the absence of a hearing prior to discharge may not constitute arbitrary conduct. And we did not mean to preclude such a determination in the expressions used in *Conlon*.

If all of the following factors are present, the case may be said to come within the exception. The discharge is in accord with statutory provision; the person discharged has an adequate opportunity to test the validity of the discharge, equal both in extent and convenience to the hearing he would be accorded prior to discharge; it appears prima facie that a good reason exists for expeditious procedure in the discharge; and, lastly, the person discharged has failed to advance any tenable grounds for holding that after a fair hearing he would not have been discharged.

Certain of these features were notably absent in *Conlon* and their absence distinguishes the case from the instant proceeding. The same necessity for expeditious departmental procedure was lacking. In fact, the court recognized that the vacatur of the discharge might be only temporary and provided that the decision was without prejudice to a discharge after hearing upon charges. Also, *Conlon* did make a prima facie showing that a hearing would reveal good grounds for vacating the discharge. As to the latter, it appeared that before the Grand Jury he did waive immunity as to the subject matter of the inquiry and did testify. In the course of the interrogation, certain questions were asked him which he stated he believed were outside the scope of the inquiry. He refused to answer these questions until he had an opportunity to consult counsel. This was denied him. If the questions were for any reason improper, his refusal to answer was not a violation of the charter and his dismissal was improper (*Slochower* v. *Board of Educ.*, 350 U. S. 551). Even if the questions were proper, if his doubt as to their validity was genuine, his refusal was not willful and his discharge without an opportunity to comply would be highly questionable.

The situation here is materially different in that the necessity for expedition was shown and grounds for believing prima facie that the discharge might be vacated were not met. As to the first, a degree of prompt action is always indicated where a police officer is involved. The danger of allowing one charged with the protection of the public, and authorized for that pur-

pose to exercise police functions, to refuse to co-operate in an inquiry as to possible criminal acts has been generally recognized (*Christal* v. *Police Comm. of San Francisco,* 33 Cal. App. 2d 564; *McAuliffe* v. *Mayor of New Bedford,* 155 Mass. 216; *Scholl* v. *Bell,* 125 Ky. 750). Surely if expedition is anywhere advisable it is where those who have been entrusted with the protection of the flock take the side of the wolves. But in this case something in addition to this general condition appears. Upon receipt of the subpœna, petitioner immediately prepared and filed his resignation. Rather than disclose what he anticipated would be asked of him he preferred to sever his connection with the police force. The effect of this action is that by the expiration of 30 days his right to a pension becomes absolute. By merely allowing this time to pass before questioning his discharge, he earns the award for faithful service. It is more than a possibility, even had charges been filed against him, that, before answer, reasonable time for preparation for a hearing, the hearing itself, and review by the Commissioner would have consumed a like period.

The second material distinction concerns petitioner's showing as to what a hearing would disclose. His petition and the minutes before the Grand Jury reveal that upon receipt of the subpœna (which called for appearance the following morning) petitioner consulted counsel. The result, as indicated above, was the extraordinarily rapid execution and filing of his resignation. Before the Grand Jury he conceded that he knew what the inquiry was about, namely, the alleged bribery of certain police officers. He further admitted that he understood what a limited waiver of immunity was and that he was familiar with that procedure and the statutory consequences of his failure to waive. He rested his refusal squarely on the ground that he had resigned, and he flatly refused to sign anything, stating that his counsel had so advised him. In his petition he states he did not thoroughly understand the nature of a limited waiver of immunity and lacked the opportunity to inform himself. Both his actions and his answers before the Grand Jury completely belie him to the extent that he has not shown any grounds that would exculpate him.

We now turn to the factors which, though also present in *Conlon,* were not discussed because the absence of the two elements of distinction made such discussion unnecessary. Section 1123 of the City Charter provides that if any officer or employee of the city shall after process willfully refuse to waive immunity on account of any matter having to do with, *inter alia,* the official

conduct of any officer or employee of the city, "his term or tenure of office or employment shall terminate and such office or employment shall be vacant". It will be observed that it is the event itself which terminates the employment rather than any adjudication or finding of the same. As far as it is possible to do so, the statute provides for a procedure which is self-executing (see *Matter of Daniman* v. *Board of Educ. of City of N. Y.,* 306 N. Y. 532, 538). It is the event which terminates the tenure; any notice by the authority (in this case the Police Commissioner) merely fixes an effective date for the concomitants of the termination of tenure, such as salary payments, performance of duties or the like. Where the operative facts appear, the Commissioner enjoys no choice or discretion. He must recognize that the offender's connection with the department has ceased, and take whatever administrative steps are needed to give practical effect. So that it clearly appears that the statute authorized, if it did not mandate, the procedure adopted by the Commissioner.

As to whether a procedure was available to petitioner to question the validity of his discharge, there can be no question. The very procedure that he employed, namely, an article 78 proceeding, would enable him to have a hearing merely on the statement of sufficient facts to show that the discharge was in any way improper. Its availability is established by the fact that petitioner took advantage of it. Its efficacy needs no demonstration.

It may be argued that a hearing which succeeds the discharge is not the equivalent of one that precedes it. Concededly the latter is preferable and, where conditions are otherwise equal, should be employed. *Conlon* (*supra*) so holds. But the distinction between the hearing before or after the event is not a matter of due process and no constitutional rights are involved. A statute providing for immediate discharge with an opportunity to challenge the discharge after it became effective was held constitutional and a failure to take advantage of the procedure provided left the discharge unquestionable (*Lerner* v. *Casey,* 357 U. S. 468). The aim of the law is to protect the public servant from unreasonable or improper termination of his tenure of office. There is no particular magic in the means by which this purpose is accomplished. To allow it to be perverted to protect the faithless servant is to do a disservice to the law. And to accomplish this by giving substantive effect to procedural steps equates the law to an alchemist's arcanum.

The order should be reversed on the law and the facts, with costs and disbursements, and the petition dismissed.

BOTEIN, P. J., RABIN and STEVENS, JJ., concur. VALENTE, J., deceased.

Order, entered on August 4, 1965, reversed, on the law and the facts, with $50 costs and disbursements to the appellants, and the petition dismissed.