Honorable John Van Lindt Chairman Racing and Wagering Board
Your Director of Wagering Systems has asked whether a police officer is eligible to receive a license to lease out a hall or premises to be used for the conduct of bingo.
One of the requisites for receipt of such a license is that the applicant must satisfy "the requirements for an authorized commercial lessor as defined in section four hundred seventy-six" of the General Municipal Law (General Municipal Law, § 481[1][b]). An "authorized commercial lessor" may not be a "public officer who receives any consideration, direct or indirect, as owner or lessor of premises offered for the purpose of conducting bingo therein" (id., § 476[9][c]). It is settled that police officers are public officers (People v Lafaro, 250 N.Y. 336,338 [1929]; Canteline v McClellan, 282 N.Y. 166 [1940]). See, also, sections 3(2) and 30(4) of the Public Officers Law, which establish special residency requirements for police officers. Your Director of Wagering Systems has informed us that the police officer seeking to be licensed plans to charge a rental for the use of his building for bingo. Therefore, as a public officer who would receive consideration under a lease for the conduct of bingo, the police officer is expressly prohibited from obtaining a commercial lessor's license (id., § 476[9][c]).
We conclude that a police officer is ineligible to receive a license to lease for consideration a hall or premises to be used by the lessee for the conduct of bingo.