**Susan MOSS and Janice Sivells, Appellants,**

v.

**John T. ROBERTSON, Appellee.**

Court of Appeals of Kentucky.

March 28, 1986.

Rehearing Denied May 23, 1986.

Discretionary Review Denied and Opinion Ordered Published by Supreme Court July 28, 1986.

---

William G. Deatherage, Jr., Timothy J. Kaltenbach, Hopkinsville, Thomas L. Osborne, P.S.C., Paducah, for appellants.

Milburn C. Keith, P.S.C., Hopkinsville, for appellee.

Before HAYES, C.J., and MILLER and REYNOLDS, JJ.

HAYES, Chief Judge:

■ The issue presented by this appeal is whether the complaint by the appellants, public employees of the Christian County Clerk, seeking damages for the tort of wrongful discharge pursuant to *Firestone Textile Co. v. Meadows*, Ky., 666 S.W.2d 730 (1984), and for violation of 42 U.S.C. § 1983 alleging they were discharged for filing a grievance against the county clerk, states a cause of action. The trial court said no and we affirm.

Stripped of all its conclusory statements, the complaint alleges the following facts, accepted as true under the CR 12.03 motion for judgment on the pleadings:

a) The appellants were deputy clerks in the office of Christian County Clerk John T. Robertson.

b) On January 11, 1984, appellant Sivells filed a grievance against Robertson with the grievance committee of the Christian County Fiscal Court. This action was supported by appellant Moss.

c) On January 27, 1984, Robertson terminated the employment of both appellants.

d) Robertson released derogatory information about the appellants to the public after the termination.

We first note that Robertson was not sued in his official capacity as county clerk but was only named individually. This was error and the trial court was correct in so ruling.

Oliver Wendell Holmes once stated, "[t]he petitioner may have a constitutional right to talk politics, but he has no constitutional right to be a policeman". *McAuliffe v. Mayor of New Bedford*, 155 Mass. 216, 29 N.E. 517 (1892). Holmes' position has not prevailed although, in our opinion, much may be said in favor of such a proposition. It has long been recognized that, even though there is no "right" to public employment, constitutional restrictions apply when government attempts to discharge its employees.

However, all the alleged constitutional restrictions barring the appellee from firing appellants are down the drain and of no avail since neither appellant has sued appellee in any manner except in his individual capacity. Neither appellant seeks any

remedy or damages against the duly elected governmental official in that capacity. The constitutional constraints under which the appellants here seek protection (Amendments One and Fourteen to the United States Constitution) prohibit governmental action, not individual or private action.

■ Therefore, the only question to be answered is one of public policy considerations, expressed in *Firestone Textile Co. v. Meadows, supra,* as later explained in *Grzyb v. Evans,* Ky., 700 S.W.2d 399 (1985).

Appellants fit the category of employees "terminable at will." They allege no contractual right to employment either expressed or implied.

Was the reason for discharge the failure or refusal to violate a law in the course of employment, or was the reason for discharge the exercise by the employees of a right conferred by well-established legislative enactment? The answer here is no to both questions.

It is obvious from the appellants' complaint that there was no failure or refusal to violate any law in the course of employment. We also find no well-established legislative enactment pertaining to a grievance procedure for political appointees of the county clerk's office. These employees, minus merit or civil service status, obtain and hold their jobs at the will and pleasure of that elected official. The complaint does not allege, nor could the trial judge find, the discharge of appellants to be contrary to any fundamental and well-defined public policy as evidenced by any existing law, constitutional or statutory.

■ We close by adding that appellee's motion for a judgment on the pleadings, CR. 12.03, became one for summary judgment as the trial court considered "matters" outside the pleadings in arriving at its decision. Accordingly, we find there to be no genuine issue as to any material fact and, further, that the appellee was entitled to a judgment as a matter of law.

For these reasons the judgment of the Christian Circuit Court is hereby affirmed.

All concur.