**File Name: 06a0063n.06**
**Filed: January 23, 2006**

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

**No. 04-6518**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **JERRY L. HALL,** | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | |
| | ) | |
| **v.** | ) | **ON APPEAL FROM THE UNITED** |
| | ) | **STATES DISTRICT COURT** |
| | ) | **FOR THE EASTERN DISTRICT** |
| **CONSOL OF KENTUCKY INC.,** | ) | **OF KENTUCKY** |
| | ) | |
| **Defendant-Appellee.** | ) | |

**BEFORE: CLAY and COOK, Circuit Judges; OLIVER, District Judge.**[*]

**OLIVER, District Judge:** Plaintiff-Appellant, Jerry L. Hall ("Hall" or "Plaintiff") appeals

a November 19, 2004 Order of the United States District Court for the Eastern District of Kentucky,

dismissing his claims of wrongful discharge, outrage/intentional infliction of emotional distress, and

breach of implied contract for failure to state a claim upon which relief could be granted. For the

reasons set forth below, we **AFFIRM** the judgment of the district court.

**I. FACTS AND PROCEDURAL HISTORY**

---

[*]     The Honorable Solomon Oliver, Jr., United States District Judge for the Northern
District of Ohio, sitting by designation.

Hall worked as an underground miner for Consol of Kentucky Inc. ("Consol"). In 2002, one of Hall's coworkers, Carter Martin ("Martin"), was injured on the job and filed a workers' compensation claim against Consol, alleging that his injuries were the result of unsafe workplace conditions. Martin persuaded Hall to photograph some of the mining equipment and to provide those photographs to Martin. During a hearing on Martin's claim, Martin revealed that Hall was the photographer. About a week later, Consol terminated Hall, allegedly for taking the pictures.

Hall sued in state court for wrongful discharge, outrage/intentional infliction of emotional distress, and breach of implied contract. Consol removed the case to federal court, and moved to dismiss the case for failure to state a claim upon which relief could be granted. The district court granted Consol's motion to dismiss, concluding that under Kentucky's employment-at-will doctrine, a wrongful discharge claim could only be supported "when the reason for [the] discharge was the employee's exercise of a right conferred by well-established legislative enactment." *Grzyb v. Evans*, 700 S.W.2d 399, 402 (Ky. 1985) (quotation omitted). In Hall's case, the district court found no well-established legislative enactment protecting an employee's right to collect evidence to support another employee's workers' compensation claim. The district court also found that Consol's other two claims should be dismissed because the alleged conduct fell short of the standard required for a claim of outrage, and no implied contract existed.

## II. DISCUSSION

### A. STANDARD OF REVIEW

A district court's grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim is reviewed *de novo*. *Benzon v. Morgan Stanley Distribs.*, 420 F.3d 598, 605 (6th Cir. 2005). Well-pled factual allegations in the complaint must be accepted as true and construed in the

light most favorable to the plaintiff. *Id.* The parties agree that Kentucky substantive law governs the suit.

**B.     ANALYSIS**

**1.     Wrongful Discharge**

The Kentucky Supreme Court, in limiting judicially-created exceptions to the employment-at-will doctrine, held that a wrongful discharge must be "contrary to a fundamental and well-defined public policy . . . [as] evidenced by a constitutional or statutory provision." *Firestone Textile Co. Div. v. Meadows*, 666 S.W.2d 730,731 (Ky. 1983) (quotation omitted). In later clarifying that statement, however, the court adopted a caveat to *Firestone*, holding that only two situations exist where grounds for discharging an employee are so contrary to public policy as to be actionable absent explicit legislative statements prohibiting the discharge: "[f]irst, where the alleged reason for the discharge of the employee was the failure or refusal to violate a law in the course of employment. Second, when the reason for a discharge was the employee's exercise of a right conferred by well-established legislative enactment." *Grzyb*, 700 S.W.2d at 402 (quotations omitted). Kentucky courts applying *Grzyb* have limited their analysis to whether the discharge was for one of these two enumerated reasons. *See, e.g., Nork v. Fetter Printing Co.*, 738 S.W.2d 824, 827 (Ky. Ct. App. 1987); *Moss v. Robertson*, 712 S.W.2d 351, 353 (Ky. Ct. App. 1986). Federal courts applying Kentucky law have applied the same analysis. *See, e.g., Hart v. MetLife Gen. Ins. Agency, Inc.*, No. 3:99CV-231-S, 1999 WL 33756688, at *2 (W.D. Ky. Oct. 13, 1999); *Barlow v. Martin-Brower Co.*, No. 3:98CV-456-S, 1998 WL 34202237, at *1-2 (W.D. Ky. Oct. 22, 1998).

Hall argues the district court applied the wrong standard to his claim for wrongful discharge. Plaintiff "readily admits" that no statutes or regulations "have a direct proscription against his discharge." He instead contends that Kentucky law merely requires "that the discharge be contrary to a well-defined public policy as <u>evidenced</u> by a constitutional or statutory provision," (emphasis in original), and several statutory provisions demonstrate a public policy against his discharge.

Contrary to Hall's assertion, this case does not turn on whether his discharge was against some broad public policy, or whether any statutes may imply a policy against terminating employees in Hall's position. As previously discussed, courts applying *Grzyb* have limited their analysis to whether the discharge was for the employee's failure or refusal to violate a law in the course of employment, or whether the reason for the discharge was the employee's exercise of a right conferred by well-established legislative enactment. *Grzyb,* 700 S.W.2d at 402; see, e.g., *Nork*, 738 S.W.2d at 827. Thus, Plaintiff's claim that several statutes reflect the "strong public policy against employers . . . from retaliating against employees . . . who are parties, witnesses, or persons otherwise involved in litigation against the employer," falls short of the standard set forth in *Grzyb*. Hall offers no argument that he was discharged for refusing to violate a law in the course of his employment. Nor does he argue that his discharge was because he exercised a right well-established through legislation. Even if he had made such a claim, however, none of the legislation that he cites in support of his public-policy argument confers such a right.

Kentucky Revised Statutes § 338.121(3)(a) prohibits retaliatory termination against an employee who files a formal complaint with the Review Commission under Kentucky's Occupational Safety and Health laws, or testifies in regard to such a complaint, and § 338.121(3)(b) provides the remedy for any employee who is wrongfully terminated under that section. Kentucky

Revised Statutes § 351.193 forbids discipline of a miner who, in good faith, refuses to work in what he believes to be hazardous working conditions that may lead to death or serious injury. Finally, by Hall's own admission, Kentucky Revised Statutes § 342.197, a workers' compensation anti-retaliation statute, does not apply to him. A workers' compensation claimant has a right to conduct discovery and present evidence under 803 Ky. Admin. Regs. 25:010, and one might argue from this that a worker has a right to be a witness without being subject to retaliation. In this case, however, Hall never acted as a witness.

In sum, Plaintiff offers nothing to support a conclusion that he acted according to rights well-established by the legislature, nor does he allege anything else that might save his wrongful-discharge claim. Consequently, Plaintiff has failed to show his claim for wrongful discharge is within the two actionable situations permitted by *Grzyb*, absent explicit legislative statements prohibiting the discharge. Therefore, the district court was correct in dismissing Plaintiff's wrongful-discharge claim.

## 2.    Outrage

In order to sustain a claim for outrage, Kentucky law requires "extreme and outrageous conduct" from one who "intentionally or recklessly causes severe emotional distress to another." *Craft v. Rice*, 671 S.W.2d 247, 250-51 (Ky. 1984) (quotation omitted). The elements of a claim for outrage are: (1) intentional or reckless conduct that is (2) outrageous and intolerable, and offends against the generally accepted standards of decency and morality and (3) causes (4) severe emotional distress. *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 788 (Ky. 2004) (citation omitted). The court determines whether the alleged conduct could "reasonably be regarded as so extreme and outrageous as to permit recovery." *Id.* at 788-89 (quotation omitted). In applying this standard,

Kentucky courts have "set a high threshold for IIED/outrage claims." *Id.* at 791 (finding no claim for outrage where employer intentionally "set up" plaintiffs in order to fire them, and implied to other employees that plaintiffs were "thieves").

Hall was allegedly fired by Consol for taking photographs of Consol's property to be used as evidence in his friend's workers' compensation proceeding. Consol's conduct in this case was not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Humana of Ky., Inc. v. Seitz*, 796 S.W. 2d 1, 3 (Ky. 1990) (quotation omitted) (finding no claim for outrage where defendant's nurses told hysterical woman who had delivered a stillborn child to "shut up," and that her baby would be "disposed of" at the hospital).

Hall, as an at-will employee, was subject to termination at any time "for good cause, for no cause, or for a cause that some might view as morally indefensible," and Consol's actions in terminating him do not reach the high standard for a claim of outrage. *Stringer*, 151 S.W.3d at 791. Accordingly, Plaintiff fails to state a viable claim of outrage under Kentucky law. The district court was correct in dismissing Plaintiff's outrage claim.

## 3.    Breach of Implied Contract

Plaintiff attached to the Complaint a page of "Employee Conduct Rules" excerpted from Consol's "Employee Handbook," alleging this document created an implied contract. Plaintiff asserts that portions of the "Employee Conduct Rules" set forth certain rights which Consol violated in their alleged retaliatory discharge of Hall. In Kentucky, employees are at-will unless the employer clearly agrees otherwise. *Noel v. Elk Brand Mfg. Co.*, 53 S.W.3d 95, 98 (Ky. Ct. App. 2000) (employee manual did not create implied contract). Nothing in the "Employee Conduct

Rules" relied on by Hall demonstrates an intent to modify the at-will nature of Hall's employment. The document is merely a page of general requirements for Consol employees regarding timeliness, productivity, and safety procedures. It does enumerate a number of actions the employee should avoid "[i]n order to minimize the occasions for discipline or discharge," but it nowhere indicates this list to be exhaustive, nor does it suggest that avoiding these actions will insulate an employee from termination.

Further, Consol, without objection from Hall, attached the entire "Employee Handbook" to its Motion to Dismiss, and Hall "agrees with Consol that the entire contract much [sic] be construed as a whole." The Handbook contains an express disclaimer: "The language used in this handbook is neither intended nor should it be construed as creating contractual rights between the Company and any of its employees." There is nothing in the Handbook to indicate to this court that the parties intended to modify the at-will status of their relationship. See *Nork*, 738 SW.2d at 826-27 (finding no implied contract because of disclaimer in "Policy and Procedure Manual"). Accordingly, this court finds there was no implied contract and the district court was correct in dismissing Hall's breach of implied contract claim.

### III. CONCLUSION

For the reasons set forth above, this court **AFFIRMS** the judgment of the district court.