RENDERED: SEPTEMBER 23, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0713-MR


MICHAEL D. SMITH                                                        APPELLANT


                        APPEAL FROM GARRARD CIRCUIT COURT
v.                      HONORABLE HUNTER DAUGHERTY, JUDGE
                        ACTION NO. 21-CI-00034


DEREK GORDON; RACHEL YAVELAK;
THOMAS LYONS; JOE JARRELL;
STEPHEN MILNER; WILLIAM HAYES;
PATRICK NASH; GUTHRIE TRUE;
WILLIS COFFEY; JULIE ROBERTS GILLUM;
JEFF HOOVER; ANGGELIS & GORDON, PLLC;
COFFEY & FORD, PSC; HAYES LAW GROUP;
TRUE, GUARNIERI, AYER, LLP; THE
COURIER JOURNAL; WKYT 27 NEWS; WDKY
FOX NEWS; WLEX COMMUNICTIONS;
WTVQ 36 NEWS; THE LEXINGTON HERALD
LEADER; AND UNKOWN OTHERS[1]                                            APPELLEES


                                OPINION
                               AFFIRMING

                          ** ** ** ** **

---

[1] Pursuant to the usual practice in our Court, the names of these party-appellees are taken verbatim from the appellant's notice of appeal. Here, this means including names which are misspelled, as well as the common names for media enterprises rather than the appropriate corporate owners. We need not consider the legal effect of this latter error in order to affirm the circuit court's dismissal of the appellant's suits.

BEFORE:  GOODWINE, JONES, AND MAZE, JUDGES.

JONES, JUDGE:  Michael D. Smith appeals from multiple orders dismissing his complaint with prejudice which were entered by the Garrard Circuit Court on April 1, 2021, April 15, 2021, and June 3, 2021.  The circuit court's orders dismissed Smith's complaint for failure to state a claim pursuant to CR[2] 12.02(f).  We affirm.

## I. BACKGROUND

Over twelve years ago, Smith owned and operated oil and gas companies operating in multiple states, including Kentucky.  His business dealings came to an ignominious end when he was accused of misrepresenting the viability and productivity of oil and gas wells to his investors.  "In 2010, a federal jury convicted Smith of conspiracy to commit mail fraud, in violation of 18 U.S.C.[3] § 1349, and multiple substantive counts of mail fraud, in violation of 18 U.S.C. § 1341."  *United States v. Smith*, No. 21-5371, 2021 WL 7210170, at *1 (6th Cir. Nov. 15, 2021) (unreported).  The federal trial court then sentenced Smith to one hundred twenty months of imprisonment and three years of supervised release.  *Id*. The Sixth Circuit thereafter affirmed the conviction and sentence.  *United States v. Smith*, 749 F.3d 465 (6th Cir. 2014).

---

[2]  Kentucky Rules of Civil Procedure.

[3]  United States Code.

Since being released from prison in February 2020, Smith has been uniquely focused on the idea that his indictment did not constitute a "true bill" because it did not contain signatures from the grand jury foreperson and the government's prosecuting attorney. *Smith*, 2021 WL 7210170, at *1. In actuality, however, the indictment was merely sealed, and a redacted version used, in order to ensure the confidentiality of the grand jury. *Id*. In late 2020 through early 2021, Smith filed multiple motions in federal district court requesting unredacted copies of his indictment, followed by multiple *coram nobis* petitions asserting his actual innocence. *Id*. The district court denied Smith's motions and, in a written order, stated, "[t]he Court has reviewed the document in question and CERTIFIES that the indictment was properly brought with the signature of the foreperson of the grand jury, resulting in the conviction of Smith on some, but not all, of the charges listed therein." *Id*. The Sixth Circuit affirmed this order in its unreported opinion. *Id*. at *2.

After the federal courts denied his motions and petitions, Smith, currently residing in Lancaster, Kentucky, turned his efforts at vindication toward the Kentucky courts. On February 19, 2021, Smith filed the *pro se* complaint relevant to the present appeal in Garrard Circuit Court. The defendant-appellees may be broadly categorized into three groups: (1) attorneys who previously represented Smith; (2) attorneys who represented Smith's codefendants; and (3)

media organizations which covered Smith's federal criminal case. The complaint is unfocused, but it generally alleges that the attorneys and media all conspired with the government to imprison Smith despite his actual innocence, which Smith asserts is proven by the lack of an indictment for his criminal charges. Smith's complaint essentially claims the attorneys committed legal malpractice, the media organizations defamed him, and all of the parties engaged in a civil conspiracy against him.

The defendant-appellees filed separate motions to dismiss the complaint based on its failure to state a claim for which relief may be granted, and the circuit court granted these motions with prejudice in a series of orders entered in April and June 2021. Smith moved the circuit court to alter, amend, or vacate the judgments, as well as to provide findings of fact and conclusions of law. The circuit court denied the motions, ruling that its dismissals pursuant to CR 12 did not consider matters outside the pleadings and that no findings or conclusions were required in such cases by our Rules of Civil Procedure. This appeal followed.

## II. ANALYSIS

Smith appeals from the circuit court's dismissal for failure to state a claim pursuant to CR 12.02(f). We review such appeals *de novo*. *Hardin v. Jefferson County Board of Education*, 558 S.W.3d 1, 5 (Ky. App. 2018). "It is proper to grant a CR 12.02(f) dismissal motion if . . . 'it appears the pleading party

would not be entitled to relief under any set of facts which could be proved in support of his [or her] claim[.]'" *Id.* (quoting *James v. Wilson*, 95 S.W.3d 875, 883 (Ky. App. 2002)). For purposes of the dismissal motion, we must accept the complaint's factual allegations as true; however, we will strip the complaint of any statements which are merely conclusory. *Moss v. Robertson*, 712 S.W.2d 351, 352 (Ky. App. 1986). "Stated another way, the court must ask if the facts alleged in the complaint can be proved, would the plaintiff be entitled to relief?" *James*, 95 S.W.3d at 884.

For his sole issue on appeal, Smith asserts the circuit court erroneously dismissed his complaint. His *pro se* brief covers similar ground as his *pro se* complaint, asserting he is the victim of a conspiracy by the appellees which resulted in his conviction and sentence in federal prison. He asserts there was no indictment in his criminal case, presuming any redacted indictment without signatures must be fraudulent. Furthermore, Smith apparently asked for a copy of the unredacted indictment in a Freedom of Information / Privacy Acts (FOIPA) request he sent to the Federal Bureau of Investigation (FBI). He then points to the response letter from the FBI, which was "unable to identify records responsive to [his] request," as proof that he was convicted without a *bona fide* indictment.

The appellees assert the circuit court properly dismissed Smith's complaint for a number of different reasons, but all of them agree that Smith's

complaint is untimely.  Smith's conviction was over ten years ago.  The attorney appellees point to KRS[4] 413.245, which requires professional service malpractice suits to be brought within one year of being discovered by the injured party.  They also cite KRS 413.140(1)(c), which contains a one-year statute of limitation for conspiracy actions.  Similarly, the media appellees point out that defamation claims must be brought within one year pursuant to KRS 413.140(1)(d).

Smith contends his imprisonment constituted a disability tolling the limitation statutes.  However, the General Assembly repealed the statutory basis for prison inmate disability, KRS 413.310, more than thirty years ago.[5]  We are obliged to carry out the legislative intent of a constitutional enactment.  *See, e.g.*, *University of the Cumberlands v. Pennybacker*, 308 S.W.3d 668, 683-84 (Ky. 2010); *Hale v. Combs*, 30 S.W.3d 146, 151 (Ky. 2000).  The expired statutes of limitation on Smith's claims provide sufficient grounds to affirm the circuit court's order dismissing Smith's complaint.

Furthermore, the appellees cite numerous other grounds, many of which are well taken, supporting the circuit court's dismissal of the complaint. The attorney appellees cite the Exoneration Rule announced in *Lawrence v.*

---

[4] Kentucky Revised Statutes.

[5] 1990 Ky. Acts ch. 176, § 2 (eff. Jul. 13, 1990); *see Hamilton v. Meridian Mut. Ins. Co.*, No. 2002-CA-001246-MR, 2003 WL 22064128, at *3 n.1 (Ky. App. Sep. 5, 2003); *Duffy v. Kindred Healthcare, Inc.*, No. 2004-CA-001523-MR, 2005 WL 1057547, at *2 n.3 (Ky. App. May 6, 2005).

*Bingham, Greenebaum, Doll, L.L.P.*, 567 S.W.3d 133 (Ky. 2018). This Rule is

summarized as follows:

> [T]o survive a motion to dismiss for failure to state a
> claim in a professional malpractice case against a
> criminal defense attorney, the convicted client must plead
> in his complaint that he has been exonerated of the
> underlying criminal conviction. He or she need not
> prove actual innocence, but they also may not rely solely
> upon a claim of actual innocence in the absence of an
> exonerating court decision through appeal or post-
> conviction order.

*Id.* at 141. No such exoneration has occurred in Smith's case. In addition, the

attorney appellees who did not directly represent Smith cite *Shoney's, Inc. v.*

*Lewis*, 875 S.W.2d 514 (Ky. 1994), which discusses how lawyers are bound by

professional ethics and the Supreme Court Rules to refrain from communicating

about the subject of representation with those represented by other lawyers. *Id.* at

515 (citing SCR[6] 3.130 (4.2)). Pushing aside the matter of not owing Smith a duty

which would give rise to a negligence claim, the attorney appellees who did not

represent Smith ran the risk of violating professional ethics rules if they had

attempted the sort of aid which Smith now claims they should have provided.

For their part, in addition to the statute-of-limitation defense, the

media appellees also assert Smith's claims against them are inadequately pleaded.

Smith fails to allege any of the essential elements of defamation: "1. defamatory

---

[6] Rules of the Supreme Court of Kentucky.

language 2. about the plaintiff 3. which is published and 4. which causes injury to reputation." *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781 (Ky. 2004) (citation omitted), *overruled on other grounds by Toler v. Süd-Chemie, Inc.*, 458 S.W.3d 276 (Ky. 2014). Smith identifies no specific incidents of defamation by the media appellees. The media appellees further assert that Smith cannot show their reporting of Smith's trial contained fabrications, and the truth is a complete defense to defamation claims. *Estepp v. Johnson County Newspapers, Inc.*, 578 S.W.3d 740, 744 (Ky. App. 2019).

All of these defenses bear considerable merit, in addition to showing the simple untimeliness of Smith's claims. However, we would be remiss if we did not mention that Smith's complaint is problematic because it rests upon a claim that there was no valid indictment in his federal criminal case – a claim which is completely refuted by the record. Smith repeatedly asserts he was convicted upon a fraudulent indictment because it lacked the signatures required. However, in doing so, he confuses a sealed and redacted indictment for either an invalid indictment or no indictment at all. We have reviewed the record, and a copy of Smith's redacted indictment is contained within. Additionally, the federal district judge went so far as to send an order to Smith and the circuit court which denied requests for the unredacted indictment, but the district judge personally certified that the sealed indictment was properly brought with the appropriate signatures.

Put bluntly, a null premise lies at the core of Smith's complaint, and the circuit court did not err in dismissing it.

### III. CONCLUSION

For the foregoing reasons, we affirm the Garrard Circuit Court's orders of dismissal.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Michael Smith, *pro se*
Lancaster, Kentucky

BRIEF FOR APPELLEE ESTATE OF STEVE MILNER:

Katherine T. Watts
Patricia C. Le Meur
Louisville, Kentucky

BRIEF FOR APPELLEES GUTHRIE TRUE AND THE LAW FIRM OF TRUE, GUARNIERI, AYER, LLP; WILLIAM HAYES AND THE LAW FIRM OF HAYES LAW GROUP; WILLIS COFFEY AND THE LAW FIRM OF COFFEY & FORD, PSC; JULIE ROBERTS GILLUM; AND JEFF HOOVER:

J. Hadden Dean
Danville, Kentucky

BRIEF FOR APPELLEES DEREK GORDON; RACHEL YAVELAK; AND ANGGELIS & GORDON, PLLC:

Kyle M. Virgin
David T. Cecil
Daenayia Harris
Lexington, Kentucky

BRIEF FOR APPELLEES THE LEXINGTON HERALD LEADER; THE COURIER JOURNAL; WLEX COMMUNICATIONS, LLC; WKYT 27 NEWS; WTVQ 36 NEWS; AND WDKY FOX NEWS:

Jon L. Fleischaker
Michael P. Abate
William R. Adams
Louisville, Kentucky


BRIEF FOR APPELLEES PATRICK NASH AND NASH MARSHALL, PLLC:

Matthew W. Breetz
Bethany A. Breetz
Louisville, Kentucky

Joshua F. Barnette
Lexington, Kentucky


BRIEF FOR APPELLEE JOE A. JARRELL:

Joe A. Jarrell, *pro se*
Paris, Kentucky