**Paul VANDEVELDE d/b/a Vandevelde Engineering, Appellant,**

v.

**FALLS CITY BUILDERS, INC., Appellee.**

**No. 86–CA–1590–MR.**

Court of Appeals of Kentucky.

Jan. 15, 1988.

Thomas M. Denbow, O'Bryan & Denbow, Louisville, for appellant.

James E. Groves, Jr., Louisville, for appellee.

Before HOWERTON, C.J., and COMBS and WEST, JJ.

WEST, Judge.

Paul Vandevelde appeals from a judgment of the Jefferson Circuit Court in a bench trial finding for the appellee, Falls City Builders, Inc., for damages resulting in an inaccurate quantity survey that he prepared for them. The court found reasonable damages to be $9,986.28. The appellant raises several issues on appeal, but we need only address one which is dispositive of the case.

The appellant is a registered licensed civil engineer who operates his own business. One service he provides to his clients is a quantity survey of materials needed to complete construction jobs. This survey aids the client in determining his costs when making bids on construction jobs. In the present case, the appellant made a quantity survey of masonry items, including cement blocks, mortar, and labor required to complete a job. The suit, alleging the inaccuracy of the survey, was filed some 19 months after the error was discovered. The appellant, in his answer and throughout the pendency of this action, has contended that the action was barred by KRS 413.245 which places a limitation on actions for professional service malpractice. The statute states:

> Notwithstanding any other prescribed limitation of actions which might otherwise appear applicable, except those provided in KRS 413.140, a civil action,

whether brought in tort or contract, arising out of any act or omission in rendering, or failing to render, professional services for others shall be brought within one (1) year from the date of the occurrence or from the date when the cause of action was, or reasonably should have been, discovered by the party injured. Time shall not commence against a party under legal disability until removal of the disability.

The trial court, in addressing this defense, found that the statute did not apply to actions against professionals where the service rendered by the professional could have been rendered by someone else, for example the client or another layman. The court stated that since the service performed by the appellant could have been done by a quantity surveyor he was therefore acting as a quantity surveyor. Further, since a quantity surveyor is not required to be licensed in Kentucky nor be a licensed engineer, the one year statute of limitations did not apply and therefore this suit was not dismissed.

While we understand the reasoning of the trial court, we do not agree with it. There is no question that a licensed registered civil engineer is a professional as set forth in the statute involved. *See Plaza Bottle Shop v. Al Torstrick Ins. Agency*, Ky.App., 712 S.W.2d 349 (1986). The proof indicated that Mr. Vandevelde held himself out as an engineer and in fact Mr. Miliner, who testified for the appellees, stated that when he wanted a quantity survey for a major job he hired a "professional." The proof further indicated that while quantity surveying is something an unlicensed "quantity surveyor" might do, it is also something that a licensed registered civil engineer can do. That an activity can be performed by a variety of people can be said for virtually any of the professions. There are things that physicians, attorneys and other professionals do during their regular course of their business that the client or the lay person could perhaps do themselves. The issue is the status of the person performing the particular activity. We believe that setting aside those activities or trying to determine which of those activities could be performed by a lay person, renders the statute ineffective. Clearly the legislature intended to limit actions against professionals for duties performed in the course of their professional activities. Since the appellant is a professional and was performing a duty consistent with his profession, even though it might have been done by a client or another layman, we hold that it is the type of duty envisioned by KRS 413.245. Thus, this action should be dismissed due to the failure of the appellee to timely file it.

Therefore, the judgment of the Jefferson Circuit Court is REVERSED.

All concur.