Daniel M. SMITH and Patricia A. Smith, Appellants,

v.

FOOD CONCEPTS, INC., Appellee.

No. 87–CA–1909–S.

Court of Appeals of Kentucky.

Oct. 7, 1988.

**438**

William I. Markwell, Jr., Henderson, for appellants.

Thomas A. Carroll, Owensboro, for appellee.

Before CLAYTON, DYCHE and HAYES, JJ.

DYCHE, Judge.

Daniel M. and Patricia A. Smith, appellants herein, purchased a business from Food Concepts, Inc. (appellee), paying part of the purchase price in cash, and executing a promissory note for the balance. Appellee brought this action to enforce payment of the note, alleging default by the Smiths; in their answer appellants admitted the execution and terms of the note, as well as non-payment of four installments thereunder. In addition appellants raised fraud and misrepresentation by appellee as a defense to the note obligation and as a counterclaim.

Daniel M. Smith was deposed by counsel for Food Concepts, Inc., as part of the pre-trial discovery. CR 30.01. He refused to answer specific questions concerning the alleged fraud and misrepresentations, and offered no testimony concerning specific false and misleading statements made by appellee's principals, officers or agents.

Food Concepts then sought an order from the trial court compelling the answer to those questions and the production of documents referred to as false and misleading by Smith in his deposition. CR 37.01. The trial court entered an order for Smith to comply with the discovery requests of appellee within fifteen days. Appellants did not provide the answers to the questions or the documents; based on the admissions in appellant's answer to the complaint and the failure to produce any evidence of fraud or misrepresentation whatsoever, appellee sought, and was granted, a summary judgment for the sum certain claimed under the note. CR 56.

The Smiths now appeal, alleging the existence of a genuine issue of material fact (misrepresentation) and criticizing the form of the judgment itself. We will deal with these issues in reverse order.

Appellants claim that the summary judgment herein "fails to make necessary findings that there is no genuine issue as to material fact nor does it state that appellee is entitled to judgment as a matter of law."

■ We find no such requirement of rote recitation of those two magic phrases. In setting out those terms, CR 56.03 merely gives the courts some guidance in ruling on these motions. Further, CR 52.01 reads, in part, "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56...."

As far as appellee's entitlement to a summary judgment, we feel that the analysis of Federal Rule of Civil Procedure 56(c) (which corresponds to our CR 56.03) by the Supreme Court of the United States in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) is helpful.

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In our view, the plain language of Rule 56(c) mandates the en-

try of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Id.* at 322–323, 106 S.Ct. at 2552–2553.

We realize that the trial courts in Kentucky have, in recent years, been encouraged to be extremely parsimonious when presented with motions under CR 56, and we agree that it is not a substitute for trial. *Paintsville Hospital Company v. Rose*, Ky., 683 S.W.2d 255 (1985); we feel it unnecessary, however, to admonish trial judges in the Commonwealth to use "extreme caution" in dealing with summary judgment motions. *See Shelanie v. National Fireworks Association*, Ky., 487 S.W.2d 921, 922 (1972).

In a case such as the one before us, a summary judgment is particularly appropriate. Although appellants maintain, even on appeal, that there actually is a genuine issue of material fact concerning the alleged fraud and misrepresentation, we find no issue at all. When directed by the trial court to furnish any evidence of fraud or misrepresentation, appellants failed to respond. Mere allegations in a counterclaim or answer are insufficient to resist appellee's summary judgment motion. As one commentator has said of *Celotex, supra,* appellants were challenged to "put up or shut up." 7 Bertelsman and Philipps, *Kentucky Practice,* CR 56.03, 1987 Pocket Part, p. 22.

We agree that *Celotex, supra,* and related decisions "reflect a salutary return to the original purpose of summary judgments." 7 Bertelsman and Philipps, *supra,* 1987 Pocket Part, p. 20. The analysis therein is enlightening and useful in cases such as this.

The judgment of the Daviess Circuit Court is affirmed.

Further, pursuant to CR 76.15(3)(A), the application of CR 76.20 and CR 76.32, as well as other appropriate rules of civil procedure for further appellate steps, is reinstated effective the date of this opinion.

ALL CONCUR.