**OLD MASON'S HOME OF KENTUCKY, INC., Appellant,**

v.

**Courtney W. MITCHELL d/b/a Collaborative One Architects, Appellee.**

**No. 93–CA–2214–MR.**

Court of Appeals of Kentucky.

Jan. 27, 1995.

Gregg Neal, Neal & Davis, Shelbyville, for appellant.

Mark K. Gray, Marvin R. O'Koon, O'Koon, Menefee & Gray, Louisville, for appellee.

Before EMBERTON, HUDDLESTON and McDONALD, JJ.

McDONALD, Judge.

Old Mason's Home of Kentucky, Inc. ("Mason") has filed this appeal challenging the Shelby Circuit Court's Order of August 12, 1993, dismissing its complaint against Courtney W. Mitchell d/b/a Collaborative One Architects ("Mitchell") on the basis that the action was time-barred. We conclude that the applicable statute of limitations does bar this action. Accordingly, the judgment is affirmed.

On November 21, 1979, the parties entered into a contract whereby Mitchell was to provide architectural services for the restoration of the east wing of the Old Mason's Home of Shelbyville, Kentucky, owned and operated by the appellant, Mason. Mason entered into an agreement with Long Block & Supply Company, Inc., d/b/a Long Brothers Construction, dated February 13, 1981. Long Brothers was to be the builder and general contractor and was to provide material and labor for the project. Work on the project progressed.

On May 26, 1982, a "Certificate of Occupancy" was issued by the Department of Housing Building and Construction. On June 29, 1982, the final certificate for payment on the project was issued. By letter dated October 10, 1983, Mason's administrator advised Mitchell of final acceptance and completion of the project.

At some point thereafter, Mason began experiencing leaking and deterioration problems due to water penetration of a wall in the east wing of the home. Mason began making requests and demands of Mitchell to repair the problems. Eventually, on August 22, 1991, Mason filed a complaint against Mitchell.

The complaint filed in this matter sought damages for an alleged failure on Mitchell's part to provide quality work and to properly supervise work on the construction project pursuant to the contractual agreement of November 21, 1979. The complaint also alleged negligent design on Mitchell's part for failure to provide for water penetration which was alleged to have ultimately caused the brick to fail.

On September 12, 1991, Mitchell filed his answer to the complaint. The answer denied the substantive allegations of the complaint which related to the quality of work, supervision of the work, and negligence in the design of the structure. The answer further set forth as a defense that the parties' agreement mandated arbitration as the method by which all claims and disputes relating to the agreement were to be resolved.

On October 17, 1991, an agreed order between the parties was entered by the court. Pursuant to the order, the case was held in abeyance pending arbitration and further orders of the court.

On October 28, 1991, Mitchell sought leave to file an amended answer. The answer, as amended, sought to assert the affirmative

defense that the action was time-barred by virtue of the applicable statute of limitations. Pursuant to the amended answer, Mitchell demanded that (1) the agreed order holding the case in abeyance pending final arbitration be remanded and of no legal effect, and (2) the complaint be dismissed.

By order dated January 16, 1992, the court denied Mitchell's motion as to the demand that the order to arbitrate be set aside. However, in that same order the court specifically reserved the issue of the statute of limitations.

Fully aware that the court had reserved ruling on the issue of the statute of limitations, Mason filed a motion to compel Mitchell to arbitrate the matter. The matter proceeded to arbitration over Mitchell's objection.

On March 29, 1993, the arbitration being completed, Mitchell made a motion that the court now reopen the statute-of-limitations issue. On April 1, 1993, Mason, on the other hand, made a motion that the court confirm the arbitration award in its favor in the amount of $41,519. A memorandum in support of this motion was filed on April 21, 1993. Mitchell filed a memorandum on May 7, 1993, in support of his motion to dismiss and in opposition to the confirmation of the arbitration award.

On August 12, 1993, the trial court entered an order dismissing the action. In that order the trial court set forth its "Findings of Fact and Conclusions of Law and Judgment." First, we note that upon review of that order it is obvious that the trial court's "findings of fact" are in actuality a recitation of the undisputed material facts upon which its conclusions of law and judgment were based. Secondly, because the court obviously considered matters outside the pleadings in arriving at its decision, it will be considered a summary judgment. CR 12.03; CR 56; *Gill v. War-*

*ren,* Ky.App., 751 S.W.2d 33 (1988); *Moss v. Robertson,* Ky.App., 712 S.W.2d 351 (1986).

■ The trial court concluded that the statute of limitations applicable to Mason's claim was set forth in KRS 413.245.

KRS 413.245 provides:

Notwithstanding any other prescribed limitation of actions which might otherwise appear applicable ... a civil action, whether brought in tort or contract, arising out of any act or omission in rendering, or failing to render, professional services for others shall be brought within one (1) year from the date of the occurrence or from the date when the cause of action was, or reasonably should have been, discovered by the party injured. Time shall not commence against a party under legal disability until removal of the disability.

In our opinion, the trial court properly concluded the statute-of-limitations provisions of KRS 413.245 governed this action. At all times relevant herein, Mitchell was providing architectural services, albeit pursuant to a contract, for Mason. KRS 413.243 defines "professional services" to mean "... [a]ny service rendered in a profession required to be licensed, administered and regulated as professions in the Commonwealth of Kentucky,...." By law, architects are required to be licensed in this Commonwealth. *See* KRS 323.010 and 323.020. Mitchell was a registered licensed architect who owned and operated his own business. *See, e.g., Vandevelde v. Falls City Builders, Inc.,* Ky.App., 744 S.W.2d 432 (1988). Mitchell is certainly a professional and it is not disputed that he was performing duties consistent with his profession. We conclude the services he rendered and Mason's cause of action against him fall within the purview of the statute.[1] *Vandevelde, supra,* and *c.f. Plaza Bottle*

---

1. We note that, as defined in KRS 323.010:

     •     •     •     •     •

(2) An "architect" is any person who engages in the practice of architecture as hereinafter defined;

(3) The "practice of architecture" is the rendering or offering to render certain services, hereinafter described, in connection with the design and construction of a structure or

group of structures which have as their principal purpose human habitation or use, and the utilization of space within and surrounding such structures. The services referred to in the previous sentence include planning, providing preliminary studies, designs, drawings and specifications, and administration of construction contracts[.]

*Shop, Inc. v. Torstrick Insurance,* Ky.App., 712 S.W.2d 349 (1986).[2]

■ Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Green v. Bourbon County Joint Planning Commission,* Ky., 637 S.W.2d 626 (1982). Summary judgment is proper when it is manifest that the opposing party could not strengthen his case at trial and the moving party would be entitled ultimately and inevitably to a directed verdict. *Robert Simmons Construction Company v. Powers Regulator Company,* Ky.App., 390 S.W.2d 901 (1965). It was not necessary that the trial court recite that there "was no genuine issue of fact," or that "Mitchell was entitled to judgment as a matter of law." *Smith v. Food Concepts, Inc.,* Ky.App., 758 S.W.2d 437 (1988).

■ Having concluded that KRS 413.245 is controlling, we review the pleadings, evidence and testimony of record in this matter in order to ascertain whether all material facts germane to resolving the statute-of-limitations issue were undisputed.

In the present case the contract between Mitchell and Mason provided as follows:

8.2 As between the parties to this Agreement: as to all acts or failures to act by either party to this Agreement, any applicable statute of limitations shall commence to run and any alleged cause of action shall be deemed to have accrued in any and all events not later than the relevant Date of Substantial Completion of the Work, and as to any acts or failures to act occurring after the relevant Date of Substantial Completion, not later than the date of issuance of the final Certificate for Payment.

Clearly, the filing of the complaint on August 22, 1991, was long after the expiration of one year from either the undisputed date of substantial completion (May 21, 1982), or the

undisputed date of the issuance of final certificate of payment (June 29, 1982). *See Munday v. Mayfair Diagnostic Laboratory,* Ky., 831 S.W.2d 912 (1992), and *Johnson v. Calvert Fire Insurance Company,* 298 Ky. 669, 183 S.W.2d 941 (1945). Thus, following the mandate of KRS 413.245 together with the applicable provision of the contract between the parties, the suit would have been barred after June 29, 1983.

■ Furthermore, even if the statute of limitations was not triggered at the time of substantial completion or the date of issuance of the final certificate of payment, it was undoubtedly triggered at the time when Mason discovered the problems about which it seeks redress pursuant to the complaint filed on August 22, 1991. *See* KRS 413.245. The undisputed facts, when viewed in the light most favorable to Mason, clearly reveal that Mason was without doubt possessed of such knowledge for more than one year preceding the filing of the claim. This conclusion rests on the following: the uncontroverted testimony of Mason's own agent, William Hedges, who revealed that the problems were obvious and continuous from 1983 through at least 1987; the undisputed fact that Mason informed Mitchell of the problem in 1984; the uncontroverted testimony of O.J. Simpson, Mason's administrator, that the problems had been evident since 1983; a letter from Simpson to Mitchell dated August 28, 1987, in which Simpson relates that:

[T]he Board of Directors has directed me to extend you ninety days to have the contractor make repairs on the wing. These items of defective materials and unacceptable workmanship has [sic] been evident since 1983 when the job was completed. Bill Hedges informs me there have been several conversations but no effort to repair the deficiencies[;]

uncontradicted evidence that the contractor, Long Brothers, related to Mason in Decem-

**2.** We note that in *Plaza Bottle Shop* this Court refused to extend or apply KRS 413.245 to bar the claim asserted therein against an insurance agent. The Court related:

Although today a "profession" connotes other vocations such as accounting, engineering and teaching, the admission to which requires higher education, special knowledge and train-

ing, we do not believe insurance agents, who need have no more education than a high school diploma to qualify for a license (KRS 304.9–105(4)(a)), fall within the purview of the statute.

*Id.* at 351. Later, in *Vandevelde,* this Court did hold that an engineer fell within the purview of the statute.

ber 1987 a possible defective design as the cause of the problems being experienced; a letter to Mitchell from Mason's attorney, dated December 18, 1988, relating the problem with the brick work and design and charging Mitchell with responsibility; an opinion expressed by Mason's expert, Al Tomassetti, executive director of Kentuckiana Masonry Institute, Inc., to Mason on February 3, 1989, that the problems were the result of the design.

Even viewing all the uncontroverted facts in a manner most favorable to Mason, it is unquestionable that the claim was filed untimely. Under the scenario most favorable to Mason, the problem giving rise to the cause of action asserted was discovered or reasonably should have been discovered, at the latest, in February 1989. Thus, the limitations period would have been triggered and would have begun to run at that time. Accordingly, this would have required the plaintiff to file suit by February 1990. Mason did not file suit until August 22, 1991, some one and one-half years after the statute would have run under the circumstances viewed in the light most favorable to Mason. There is no material fact in dispute which would bear upon this issue. Additionally, there is no reason to believe that Mason would be successful in establishing there was a disputed factual issue on this point; witnesses have been deposed, all relevant evidence and documentation have been produced, and a full evidentiary hearing before the arbitrator has been held. The trial court's conclusion as a matter of law that Mason's action is time-barred pursuant to both the valid contract and KRS 413.245 was proper. CR 56. Accordingly, the judgment dismissing the action does not violate the principles enunciated in *Steelvest, Inc. v. Scansteel Service Center, Inc.*, Ky., 807 S.W.2d 476 (1991).

■ On appeal Mason cites and relies upon Subsection 2 of KRS 413.190 which states:

When a cause of action mentioned in KRS 413.090 to 413.160 accrues against a resident of this state, and he by absconding or concealing himself or by any other indirect means obstructs the prosecution of the action, the time of the continuance of the absence from the state or obstruction shall not be computed as any part of the period within which the action shall be commenced.

Having concluded that the applicable statute of limitations is that prescribed in KRS 413.245, it follows that Mason's reliance upon KRS 413.190(2) is misplaced. Notwithstanding the lack of applicability of KRS 413.190(2), Mason has completely failed to present even a scintilla of evidence that would justify invoking the tolling statute. Mason claims that Mitchell continued to inform it that he was investigating the cause of the problems. However, there is absolutely no evidence that Mitchell made any false representations, fraudulently concealed his alleged negligence, or made any promises in exchange for Mason's forbearance in filing a claim. Mason's allegations concerning Mitchell's conduct, even if true, are legally insufficient to constitute the conduct required under KRS 413.190(2).

■ Mason claims that Mitchell's actions were deliberate and calculating so as to lull Mason into inactivity. Thus, asserts Mason, Mitchell should be estopped from asserting the defense of the statute of limitations. However, such assertions are completely negated by the uncontroverted fact that Mason had its attorney give Mitchell an ultimatum in which it related knowledge of the alleged design defects and demanded resolution of the matter by Mitchell within ninety days. Thus, as a matter of law based upon the undisputed facts or the complete lack of any disputed material fact, Mitchell did not obstruct the bringing of the claim such as to be within the purview of the tolling statute (KRS 413.190(2)), nor was he otherwise estopped from asserting this defense.

The parties' agreement provided:

6.2 In no event shall the demand for arbitration be made after the date when institution of legal or equitable proceedings based on such claim, dispute or other matter in question would be barred by the applicable statute of limitations.

Mitchell raised the statute of limitations as an affirmative defense. The court specifical-

ly reserved ruling on the issue; the defense was not waived.

Clearly, under the facts and circumstances of this case, the circuit court was not required to confirm the award of the arbitrator and enter a judgment in favor of Mason. *See Carrs Fork Corporation v. Kodak Mining Company,* Ky., 809 S.W.2d 699 (1991); CR 61.02.

The court's disposition of the case turned on a question of law. There were no disputed material facts bearing on the legal issue presented.

A judgment confirming the arbitration award in this action would be contrary to the law. The undisputed facts demonstrate the statute of limitations expired prior to the filing of the action. As a matter of law, Mitchell was entitled to judgment. *See Armstrong v. Logsdon,* Ky., 469 S.W.2d 342 (1971); *Fannin v. Lewis,* Ky., 254 S.W.2d 479 (1953).

Accordingly, for all the foregoing reasons, the order of the Shelby Circuit Court dismissing Mason's complaint is affirmed

All concur.