Rick KEITING, Plaintiff-Appellant,†

v.

Mike SKAUGE and Newcomer's Home Inspection Service, Defendants-Respondents,

Tom MAIER and Sandy Maier, Defendants.

Court of Appeals

*No. 95–2259–FT. Submitted on briefs November 28, 1995.—Decided December 27, 1995.*

(Also reported in 543 N.W.2d 565.)

† Petition to review denied.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Joseph J. Kroening* of *Esser, Dieterich & Stevens* of Menomonee Falls.

On behalf of the defendants-respondents, Mike Skauge and Newcomer's Home Inspection Service, Inc., the cause was submitted on the briefs of *Patricia N. Engel* of *Stadler & Schott, S.C.* of Brookfield.

Before Brown, Nettesheim and Snyder, JJ.

NETTESHEIM, J. The issue on appeal is whether a contract which reduces the statutory limita-

tions period for commencing a tort action and which runs the reduced time period from the date of the injury is subject to the discovery rule of *Hansen v. A.H. Robins, Inc.*, 113 Wis. 2d 550, 335 N.W.2d 578 (1983). We hold that the contract provision is not governed by the discovery rule and does not violate public policy. We therefore affirm the summary judgment.

The controlling facts are not disputed. On July 17, 1992, the appellant, Rick Keiting, entered into a written contract with the respondent, Newcomer's Home Inspection Service, Inc. The contract obligated Newcomer's to conduct an inspection of a residential property which Keiting was considering for purchase. Newcomer's representative, Mike Skauge, inspected the property and provided a report to Keiting. Keiting subsequently purchased the property and took residency on September 25, 1992. Thereafter, Keiting discovered problems with the property which Newcomer's allegedly failed to report.

Keiting commenced this action on August 2, 1994, against Newcomer's and Skauge (Newcomer's) and the sellers. The sellers are not involved in this appeal. Keiting's complaint alleged causes of action for breach of warranty, intentional misrepresentation, strict responsibility misrepresentation, negligent misrepresentation, negligence and "recision/restitution." Keiting's causes of action were alleged against the defendants generically.

Newcomer's answered the complaint and then moved for summary judgment, relying on the following provision of the contract:

> any claim must be brought within two (2) years from the date of the Agreement or will be deemed waived and forever barred.

Since Keiting's action was brought more than two years after the inspection, Newcomer's asked the trial court to dismiss the action. The trial court agreed. Keiting appeals.

We first resolve a dispute between the parties as to whether Keiting's breach of contract cause of action extended to Newcomer's. This becomes an issue because Keiting contends that while § 893.52, STATS., permits the parties to contract for a shorter limitations period in a tort action involving damage or injury to property, § 893.43, STATS., governing contract actions, contains no such language. Newcomer's argues that Keiting's contract argument is raised for the first time on appeal. Alternatively, Newcomer's counters that the law recognizes the right of parties to contract for a shorter limitations period in either setting.

As we have noted, Keiting's complaint alleged its various causes of action against the defendants generically. However, in his memorandum in opposition to Newcomer's summary judgment motion, Keiting expressly stated that the only causes of action alleged against Newcomer's were in tort. Nowhere in his memorandum did Keiting make the argument now asserted on appeal that § 893.43, STATS., does not recognize the ability of parties to contract for a shorter limitations period as to a claim based on contract. Understandably then, the trial court's decision did not address any such argument. We therefore deem the issue waived because a party will not be heard to raise an issue on appeal which was not first raised in the trial court. *First Bank v. H.K.A. Enters.*, 183 Wis. 2d 418, 427 n.10, 515 N.W.2d 343, 347 (Ct. App. 1994). We therefore limit our discussion of the issue to only the tort allegations against Newcomer's.

891

An appeal from a grant of summary judgment raises an issue of law which we review de novo by applying the same standards employed by the trial court. *Brownelli v. McCaughtry*, 182 Wis. 2d 367, 372, 514 N.W.2d 48, 49 (Ct. App. 1994). We will not repeat in detail the often stated, and well known, summary judgment methodology. Suffice it to say that Keiting's complaint states a claim and that Newcomer's answer raises an issue between the parties. We thus look to the parties' summary judgment proofs to determine whether there are any material facts in dispute which would entitle the opposing party (Keiting) to a trial. *See Benjamin v. Dohm*, 189 Wis. 2d 352, 358, 525 N.W.2d 371, 373 (Ct. App. 1994).

The parties' affidavits do not dispute the clear and unambiguous terms of the contract provision at issue. The language clearly sets the statute of limitations at two years and starts the limitations period running from the date of the inspection. Despite this clear language, Keiting argues that the supreme court's "discovery rule" in *Hansen* must be grafted on to the language of the contract as a matter of law. Thus, there is no material issue of fact, and the question narrows to whether the law so requires. This question of law is appropriately decided by summary judgment.

Section 893.52, STATS., recognizes the right and ability of parties to contract for a shorter limitations period than that recited by the statute:

> **Action for damages for injury to property.** An action, not arising on contract, to recover damages for an injury to real or personal property shall be commenced within 6 years after the cause of action

accrues or be barred, *except in the case where a different period is expressly prescribed.* [Emphasis added.]

■

This right has also been recognized in a long line of case law. *See, e.g., State Dep't of Pub. Welfare v. LeMere*, 19 Wis. 2d 412, 419, 120 N.W.2d 695, 699 (1963); *Lundberg v. Interstate Business Men's Accident Ass'n*, 162 Wis. 474, 481, 156 N.W. 482, 484 (1916); *Hart v. Citizens' Ins. Co.*, 86 Wis. 77, 79, 56 N.W. 332, 332 (1893). This right is premised upon public policy. "Public policy in this state permits parties to bind themselves by contract to a shorter period of limitation than that provided for by statute." *LeMere*, 19 Wis. 2d at 419, 120 N.W.2d at 699.

Despite this recognized right, Keiting contends that the "discovery rule" of *Hansen* must be read into the parties' contract. In *Hansen*, the statute of limitations under scrutiny provided that an action for personal injury had to be commenced within three years "after the cause of action has accrued." *Hansen*, 113 Wis. 2d at 554, 335 N.W.2d at 580. The court held that public policy favored adopting the "discovery rule," *id.* at 558, 335 N.W.2d at 582, which holds that a tort cause of action accrues "on the date the injury is discovered or with reasonable diligence should be discovered, whichever occurs first," *id.* at 560, 335 N.W.2d at 583.

■

Keiting first argues that the contract provision violates public policy as expressed in *Hansen*. However, as we have already noted, the right to contract for a shortened limitations period is also supported by public policy. The public policy underpinning *Hansen* on the one hand, and that underpinning the right of parties to contract for a shorter limitations period on the other,

do not conflict. Each serves its distinct purpose in its distinct setting. Where the parties have not contracted for a different period of limitations, *Hansen* makes eminent sense from an "interest of justice and fundamental fairness" standpoint. *See id.* However, where the parties freely and voluntarily wish to alter that state of affairs, public policy supports their right to do so. *See LeMere*, 19 Wis. 2d at 419, 120 N.W.2d at 699.

Second, Keiting contends that the parties may only alter the time period of the limitations period, but not the date from which the time period begins to run. We disagree. Keiting's argument runs afoul of the public policy which underpins the right of the parties to contract regarding limitations periods. *See id.* Here, the parties' contract is clear and unambiguous. It starts the two-year limitations period running "from the date of the inspection." We see nothing in the language of § 893.52, STATS., or the case law which says that the parties may contract only for a stated lesser limitations period, but not for an agreed date from which the limitations period runs.

The statute in *Hansen* spoke of when "the cause of action has accrued." *Hansen*, 113 Wis. 2d at 554, 335 N.W.2d at 580. Under that language, reasonable minds could well differ as to whether a cause of action accrued when the injury occurred or when the injury was discovered with due diligence. That ambiguity does not exist under the language of this contract which clearly states that the limitations period is two years and that the limitations period runs from the date of the inspection. Thus, we disagree with Keiting that this contract does an "end around" *Hansen*.

We also reject Keiting's argument that this is an exculpatory contract and, as such, must be viewed

unfavorably. *See Merten v. Nathan*, 108 Wis. 2d 205, 210-11, 321 N.W.2d 173, 176-77 (1982). An exculpatory contract is one which relieves a party from liability for harm caused by his or her own negligence. *Id.* at 210, 321 N.W.2d at 176. This contract does not relieve either party (particularly Newcomer's) from any liability. It merely alters the limitations period which the law would otherwise impose. None of the cases which have recognized the right to contract for a shortened limitations period have referred to such contracts as exculpatory; nor have such contracts met with disfavor in the law. To the contrary, as we have noted, such contracts are supported by public policy.[1]

*By the Court.*—Order affirmed.

---

[1] In the trial court, Keiting also argued that the contract provision was unenforceable because it was part of a standardized form and because he did not have sufficient time to review the document. Keiting, however, does not renew this argument on appeal. We observe, however, that Keiting's affidavit makes no averments in support of these claims.

We also note that the trial court's decision rejects Keiting's further argument that this was a contract of adhesion. An adhesion contract is based on inequity of bargaining between two parties where one party has no choice but to accept the contract if the entity offering the contract has little or no competition, or the buyer does not have an opportunity for comparative shopping. *Katze v. Randolph & Scott Mut. Fire Ins. Co.*, 116 Wis. 2d 206, 212-13, 341 N.W.2d 689, 692 (1984). Again, Keiting does not renew this argument on appeal, and our opinion does not address a contract of adhesion.