Steven M. SCHULTZ, Appellant,

v.

J.D. COOPER f/k/a J.D. Cooper Builder, Inc.; Weber & Weber Architects; STO Corporation; and Jen–Car, Inc., Appellees.

No. 2002–CA–001303–MR.

Court of Appeals of Kentucky.

June 6, 2003.

Discretionary Review Denied by Supreme Court June 9, 2004.

Kenneth L. Sales, Jason A. Kron, Kenneth L. Sales Louisville, KY, for appellant.

Gerald L. Stovall, Louisville, KY, for appellee Weber & Weber Architects.

Before COMBS, GUIDUGLI and SCHRODER, Judges.

## OPINION

COMBS, Judge.

Steven M. Schultz appeals the judgment of the Jefferson Circuit Court dismissing his claim against Weber & Weber Architects ("Weber") as time-barred. We affirm.

On appeal, we are asked to decide whether our decision in *Old Mason's Home of Kentucky, Inc. v. Mitchell,* Ky. App., 892 S.W.2d 304 (1995), is dispositive of the parties' controversy and, if so, whether that decision violates public policy and should be reversed. The material facts are not in dispute. On July 12, 1986, Schultz retained Weber to design a new residence for him. The design plan provided for the exterior of the home to be finished with an "STO" Exterior Insulation

and Finishing System (EIF System). On January 10, 1987, Schultz entered into a construction contract for the home with J.D. Cooper f/k/a J.D. Cooper Builder, Inc. ("Cooper"). Cooper subcontracted with Jen–Car, Inc., to apply the "STO" EIF System to the home's exterior.

On September 14, 2001, some thirteen years after the home was completed, Schultz filed this action against Weber, Cooper, Jen–Car, Inc., and STO Corporation (the manufacturer of the EIF System). In his complaint, Schultz alleged breach of contract, breach of warranty, breach of warranty of merchantability, and negligence. Schultz's allegations against Weber involve only the counts of breach of contract and breach of warranty of merchantability.

Contending that the claims were time-barred, Weber filed a motion to dismiss Schultz's complaint on December 28, 2001. Schultz responded in February 2002. Weber was permitted to file a reply in April 2002.

On May 15, 2002, the trial court entered its opinion and order dismissing the complaint and concluded as follows:

> Both parties agree that the applicable statute of limitations is set forth in KRS 413.245, which reads, in relevant part, as follows:
>
>> Notwithstanding any other prescribed limitation of actions which might otherwise appear applicable ... a civil action, whether brought in tort or contract, arising out of any act or omission in rendering, or failing to render, professional services for others shall be brought within one (1) year from the date of the occurrence or from the date when the cause of action was, or reasonably should have been, discovered by the party injured.
>
> See *Old Mason's Home of Kentucky, Inc. v. Mitchell*, Ky.App., 892 S.W.2d 304 (1995) (professional services in KRS 413.245 include those of an architect).

Weber argues that the house was substantially completed and Schultz took up residence therein prior to July of 1988, approximately thirteen years prior to filing this action. Schultz contends that he did not discover the problems with the "STO" EIF System on the house until the summer of 2001, when he began noticing failures associated with the system, and he brought suit within one year thereof. When Schultz discovered or reasonably should have discovered the problems with the system would be a question of fact. Weber, however, argues that the discovery rule of KRS 413.245 is inapplicable because of the following provision in Article 8 of the parties' July 12, 1986 contract:

> 8.2 As between the parties to this Agreement: as to all acts or failures to act by either party to this Agreement, any applicable statute of limitations shall commence to run and any alleged cause of action shall be deemed to have accrued in any and all events not later than the relevant Date of Substantial Completion of the Work, and as to any acts or failures to act occurring after the relevant Date of Substantial Completion, not later than the date of issuance of the final Certificate of Payment.

Schultz does not dispute that his complaint was filed after the expiration of one year from either the date of substantial completion or the issuance of the final certificate for payment. He contends that said provision varying the accrual date is against public policy and is unenforceable. Weber disagrees, arguing that Schultz could have consulted with counsel; he voluntarily entered into the contract; and provision 8.2 of the

contract is set out in clear and unambiguous language.

The same contractual accrual date provision as found in the contract between Weber and Schultz was enforced by the Court of Appeals in *Old Mason's Home of Kentucky, Inc. v. Mitchell,* 892 S.W.2d at 307. In *Mitchell,* the court concluded that KRS 413.245 was the applicable statute of limitations in an action against an architect for negligent design and for failure to provide quality work and properly supervise the project. *Id.* at 306. The court then set out the provision of the parties' contract which fixed the accrual date of any civil action to the date the work was substantially completed or to the date of the issuance of the final certificate of payment. As the date of substantial completion was May 21, 1982 and the date of the issuance of the final certificate was June 29, 1982, "following the mandate of KRS 413.245 together with the applicable provision of the contract between the parties," the court found that the suit against the architect was barred after June 29, 1983. *Id.* at 307.

Based upon KRS 413.245 and *Mitchell* (and cases from other jurisdictions which uphold contractual provisions varying the rule of accrual: *Entous v. Viacom International, Inc.,* 151 F.Supp.2d 1150 (C.D.Cal.2001); *College of Notre Dame of Maryland, Inc. v. Morabito Consultants,* 132 Md.App. 158, 752 A.2d 265 (2000); *Harbor Court Associates v. Leo A. Daly Company,* 179 F.3d 147 (4th Cir.1999); *Oriskany Central School District v. Edmund J. Booth Architects,* N.Y.App., 206 A.D.2d 896, 615 N.Y.S.2d 160 (1994); *Keiting v. Skauge,* App., 198 Wis.2d 887, 543 N.W.2d 565 (1995)), the Court finds that Schultz's complaint against Weber is time-barred.

In his appeal, Schultz contends that the trial court erred by relying on the precedent of *Mitchell.* He argues that the facts of that case are readily distinguishable from those of his case and that the distinctions are significant enough to negate the precedential authority of *Mitchell.* We disagree.

The appellee is correct in observing that the material facts of this case are identical to those in *Mitchell.* In both cases, the plaintiff filed an action against the architect more than one year after substantial completion of the construction project. In both cases, the contract between the owner and the architect consisted of a standard form AIA contract, which included a clearly drafted provision requiring that the limitations period of all claims arising out of the contract commence upon substantial completion of the work. In *Mitchell,* we concluded that the requirements of KRS [1] 413.245, read in conjunction with the applicable contract provision, barred any action based on errors or omissions filed after the expiration of one year following substantial completion at the earliest or final payment at the latest. In *Mitchell,* we affirmed the trial court's conclusion that the contract was valid and that the plaintiff's action was time-barred as a matter of law pursuant to its accrual provision. Our decision in *Mitchell* also included a discussion of the discovery rule of KRS 413.245, but that discussion clearly constituted dicta and did not serve as the foundation of our holding. Instead of relying upon the statute, we focused on the contract itself, deciding unequivocally and as a matter of law that a contractual clause setting the accrual date of the cause of action is enforceable under these circumstances.

---

1. Kentucky Revised Statutes.

■ Notwithstanding the *Mitchell* precedent, Schultz contends that the contract provision establishing the date of accrual should not be enforced because it violates public policy. Therefore, he urges in essence that we overrule *Mitchell.*

■ Kentucky case law has long upheld the validity of contractual terms that deliberately depart from statutory limits and instead provide for shorter limitation periods. *See Webb v. Kentucky Farm Bureau Ins. Co.,* Ky.App., 577 S.W.2d 17 (1978). A reasonable shortening of the statutory period of limitations does not ordinarily offend public policy. *Id.*

We agree with Weber that the abbreviated period of limitations provided for under the terms of the parties' contract was reasonable under the circumstances. The contract was agreed upon by parties enjoying equal bargaining power, and courts traditionally honor the ability of private parties on equal footing to structure their own affairs through contract. They are properly reluctant to interfere with clear contractual terms by re-writing them in the subsequent context of litigation.

As a consumer of competitive professional services, Schultz was wholly at liberty to bargain for the removal or amendment of the contract's accrual date provision. If negotiations had failed on this point, he could have hired another architect for the project. While Schultz emphasizes that he was unrepresented during the time that the contract was executed, the size and nature of the project reasonably indicated that consultation with an attorney regarding the terms of the proposed contract might be prudent. However, he elected to proceed on his own—with no evidence of any duress affecting that choice.

■ The discovery rule contained in KRS 413.245 is a clearly worded default

rule governing the date upon which a period of limitations begins. The parties in this case made a deliberate election to replace that date with a date certain for the accrual of any action. Neither the courts nor the legislature have found such private deviations from the statute to be unconscionable or violative of public policy. On the contrary, the courts have specifically sanctioned the validity of such provisions as part and parcel of the freedom of parties to fashion their own agreements. *Mitchell* is the controlling authority, and we do not find any justification or compelling circumstances in this case to depart from its holding.

For the foregoing reasons, we conclude that the trial court did not err in dismissing Schultz's complaint against Weber. Accordingly, the judgment of the Jefferson Circuit Court is affirmed.

ALL CONCUR.